GILL *versus* TAYLOR.

POINTS IN THIS CAUSE.

*What evidence will enable a party to maintain trespass
to try title.*

1. A certificate of the first payment for lands, sold by the United States, under the credit system, it not appearing by proof of any kind, that the terms of the purchase have been complied with; and final payment made; and the presúmption of forfeiture, thus rebutted, will not authorise a party to maintain the action of trespass to try title.

Trespass to try title in Dallas Circuit Court.

The action was by the defendant in error, to recover damages for cutting down and carrying away the timber of the defendant, off and from a certain fraction of land, the freehold of the plaintiff.—The defendant plead, first, not guilty; and, second, justified; and alleged that the said timber &c. was cut from the soil and freehold of the defendant.—On issue, the plaintiff produced, to sustain his action, a certificate, issued by the land office of the proper district, in conformity with the act of Congress regulating the sale of lands under the credit system, by which it appeared that one-fourth of the purchase money had been paid; but it did not appear that the final payment had been made, nor was any certificate produced, to that effect. Nor was it proved that the plaintiff had title to the land, or had ever been in possession thereof.

The Court below, on this state of facts, charged the jury, that the certificate was *prima facie* evidence of

title, sufficient to authorise a recovery. And the defendant excepted, and took a writ of error to this Court.

*Mr. Clark* for the plaintiff in error, *Mr. Goldthwaite* for the defendant.

Hopkins, J.—Several questions were submitted to us by counsel for each of the parties, but as one, only, is, in our opinion, decisive of the case, we shall confine our examination to it, and upon the determination of it rest our judgment. For the defendant in error, who brought the action in the Circuit Court of Dallas county, to recover damages for a trespass upon the land described in his declaration, it has not been asserted that he has a right to the action, without proof either of a title to, or of the actual possession of the land. There is no testimony that Taylor ever had the actual possession of the land. His claim to the action was put upon the ground that he had the title, and, as the effect of it, the constructive possession of the land, and, therefore, as there was no adverse possession, he could maintain this action of trespass, upon the authority of a previous decision of this Court.[a] There can be no constructive possession, unless there be a title to give it. The inquiry to be made is, did the plaintiff in the action prove that he had the title to the land? The only evidence upon the subject which he produced was a certificate of the register of the land office for the district in which the land lies. The certificate shows that he purchased the land on the 20th of October, 1818, paid then one-fourth part of the purchase money, and contains an acknowledgment

*Stew.229.

of his right to a patent, upon his payment of the balance of the purchase money, in three instalments, to become due at the times stated in the certificate. The last one was payable on the 20th October, 1822. The certificate was issued during the continuance of the credit system, as it was called, under which the lands of the United States were formerly sold.— The acts of Congress, which established that system, required a purchaser to pay one fourth part of the purchase money at the time of the sale to him. No bond or note was made by a purchaser for the balance of the price. He received from the register such a certificate of his purchase as the one in this case, and if he failed to pay all the instalments within one year after the last one was payable, the land and first payment were forfeited, and the land might afterwards be sold by the proper officer to another person. Such having been the laws of the United States, under which Taylor purchased the land, his interest in it, if the certificate be his only evidence of title, was extinguished by forfeiture, in October 1823. If he made full payment for the land, he was entitled to a final certificate as an acknowledgment of the fact, and if he have such a one, that, or the fact of the payment proved in some mode, and not the original certificate, would be evidence of his title.— The interest which he acquired by the certificate could not endure longer than October, 1823, without full payment for the land, and he ought not to be allowed the benefit of the effect of such payment, without proving that he made it. If he surrendered this certificate, under laws enacted after his purchase, he was entitled to a certificate of the fact, and of the extended credit. As he produced no certificate of

either kind, to one of which he would have been entitled, if he had done what the laws authorised, we cannot presume that he acquired a right to a certificate of either description.    Could we do so, we might, unrestrained by the want of testimony, conclude also, that he made full payment and acquired a right to a patent.

There is a distinction between forfeitures at common law and under statutes.    The rule of the former requires the party entitled to the forfeiture, to do an act which the law directs, to derive any benefit from the forfeiture.    But if a statute prescribes that a forfeiture shall be the consequence of an act, which is prohibited by it, or of an omission to do what is required, any one who may incur a forfeiture will be deprived of all his interest in, and title to, the estate, upon which the forfeiture operates, at the time the forfeiture accrued, and is disabled, by law, from retaining the title or other interest until the party, entitled to the forfeiture, shall assert his right to it. The common law allows a discretion, and gives a forfeiture to the party entitled to it if he choose to take it.    But such a statute gives no discretion; it determines the will of the party entitled to the forfeiture, and makes the act, when it is done or omitted, an absolute and complete forfeiture.[a]

Against the effect of such a forfeiture, there is no relief but in an act of the legislative power, by which the statute that directed the forfeiture was enacted. The fee simple in the land embraced by the certificate, in this case, was in the United States, while the certificate was effectual; and the forfeiture, from the failure to pay the balance of the purchase money,

[a] 3 Cranch 349, 351— 8 id. 405, 408, 409— 11 John R. 331, 332— 14 id.128— 3 D.&East. 65.

deprived Taylor of the interest which he previously had in the land, and consequently of the constructive possession, that depended upon the continuance of that interest.

The effect of the forfeiture was the extinguishment of his interest, and the title was then in the United States, without the incumbrance of his interest. As the trespass alleged, was committed after the forfeiture, we are of opinion that the instructions of the Circuit Court were erroneous, and that Taylor, upon the evidence, had no right to the action. That a forfeiture prescribed by a statute, has the effect which we ascribe to it, was determined by this court in the case of the *Trustees of the University of Alabama* against *Winston,* in the construction of statutes of this State, similar in respect to the sale and forfeiture of lands, to the acts of Congress, on which the credit system was founded. In that case, it was decided also, that the trustees were bound to aver and prove that they prevented a forfeiture by commencing, as the statute required, a suit against the purchaser within three months after an instalment of the purchase money was due.

Let the judgment be reversed and the cause remanded.